ISADORE M. WEINGARTEN, Plaintiff, v. COLEMAN BROS., INC.,
Defendant.

First Department, February 8, 1924.

Contracts — construction — contract between theatre owner and manager of theatrical company provided that theatre should not be used except for performances mentioned in contract without consent of manager — manager did not use theatre on Sundays during period of contract — owner attempted to give performance on Sunday on its own account, to which manager objected — such attempt was violation of contract.

A contract between the plaintiff, the owner of a theatrical company, and the defendant, the owner of a theatre, for the use of the defendant's theatre by the plaintiff's theatrical company for a certain period, which provided that during said period the theatre should not be used for any performance or rehearsal other than stipulated in the contract without the consent of the plaintiff, was broken by the defendant's attempting to give a performance in said theatre on its own account on Sunday without the consent of the plaintiff, who had given no performances on Sunday during the term of the contract and claimed no right so to do.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Paul M. Abrahams,* for the plaintiff.

*Samuel S. Bernstein,* for the defendant.

FINCH, J.:

The defendant owns and operates a theatre. The plaintiff is the owner and manager of a theatrical company producing two certain shows. The parties entered into a written contract providing for the production of plaintiff's shows in defendant's theatre for a period commencing Monday, November 13, 1922, and defined as follows: " First two weeks of this engagement party of the first part [plaintiff] is to play ' Follow Me.' Last two weeks, ' Keep It Up.' " Said contract among other provisions incidental to producing the said shows and dividing the proceeds of same, but not material to the question here involved, contained the following provision: " It is further agreed that during this engagement no performance or rehearsal other than herein stipulated shall take place in the above mentioned building without the consent of said first party first obtained in writing."

The plaintiff gave no performances on Sunday during the term of the contract and claimed no right under his contract so to do, conceding it was illegal to give performances on Sunday. The defendant thereupon attempted to give a performance in said

theatre on its own account and for its own benefit, on Sunday, to which the plaintiff objected under the aforesaid clause of the contract. The materiality of this clause is conceded, and the parties have submitted the same to this court for construction.

It is clear that the reasonable construction of the clause is that contended for by the plaintiff. The intention clearly is that the building should be used exclusively for the production of plaintiff's particular shows during the term of the contract. That the words " during this engagement " refer to the full period is shown further by their use in the last paragraph of the contract which provides: " And both parties will do all in their power to make this engagement a financial and artistic success." In this term Sundays are included. If the defendant desired to give performances on Sundays, then it was incumbent on it so to provide in the contract, in view of the above-mentioned clause and particularly because of the plaintiff's insistence that it be incorporated in the contract.

It follows, in accordance with the terms of the submission, that plaintiff should have judgment for $500 and costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Judgment directed for plaintiff for $500 and costs. Settle order on notice.